UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-81963-CIV-CANNON

**PREPARED FOOD PHOTOS, INC.**,

    Plaintiff,

v.

**SHADOWBROOK FARM LLC**,

    Defendant.
_____/

### ORDER DENYING WITHOUT PREJUDICE MOTION FOR FINAL DEFAULT JUDGMENT

**THIS CAUSE** comes before the Court upon Plaintiff Prepared Food Photos, Inc.'s Motion for Default Final Judgment Against Defendant Shadowbrook Farm LLC (the "Motion") [ECF No. 10]. Plaintiff seeks entry of a permanent injunction as well as $107,892.00 in damages for copyright infringement arising from Defendant's unauthorized use of a single photograph owned by Plaintiff. Plaintiff arrives at that sizable damages figure by first insisting that, rather than license individual photographs, Plaintiff generally requires clients to enter into a twelve-month licensing commitment for its entire library of photographs at a price of $11,988.00 [ECF No. 10 pp. 9–10]. Plaintiff then argues that a scarcity multiplier of three should be applied to that base figure—bringing the actual damages figure to $35,964.00—because Defendant may have used the photograph for longer than the contemplated twelve-month period [ECF No. 10 pp. 12–13]. Finally, Plaintiff argues that the Court should award treble damages under 17 U.S.C. § 504(c)(2), concluding that a total damages award of $107,892.00 is warranted.

    Federal Rule of Civil Procedure 55 affords the Court discretion to take appropriate steps when considering a motion for default judgment in order to conduct an accounting, determine

the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2). Although the well-pled allegations in a complaint relating to liability are taken as true upon default, "those relating to the amount of damages suffered ordinarily are not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)); *accord Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing cases).

Here, the Motion in its current form does not provide an adequate basis for the Court to award the proposed damages figure. The Motion is accompanied by a declaration of Plaintiff's president, Doug Fleurant, who confirms that Plaintiff "generally operates on a subscription basis" and requires "a minimum of a twelve (12) month licensing commitment" under its "standard licensing terms" [ECF No. 10-1 ¶¶ 4–5]. This evidence, which merely refers to Plaintiff's general business practices, is insufficient to establish that $11,988.00 is the "fair market value" of a single use of the subject work [ECF No. 10 p. 9]. *See Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746 (11th Cir. 2017) (holding that a "single affidavit from [the plaintiff's] CEO relying on a dubious extrapolation from limited sales data" was not sufficient for the district court to make a fully informed determination of damages).

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Default Final Judgment Against Defendant Shadowbrook Farm LLC is **DENIED WITHOUT PREJUDICE**.
2. Plaintiff may file a revised motion for default final judgment, but any such motion must contain particularized support in the form of affidavits, reports, or other documents to justify what currently appears to be an excessive calculation of damages by Plaintiff.
3. Following receipt of a revised motion for default final judgment, the Court will take the

CASE NO. 21-81963-CIV-CANNON

request under advisement and proceed accordingly under Rule 55(b)(2).

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 7th day of January 2022.

_____
AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record